# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ENIO FICO ZARAGOZA, | : Civil No. 1:24-CV-01464 |
| Plaintiff, | : |
| v. | : |
| PRIME CARE EMPLOYEE JANE DOE'S, *et al.*, | : |
| | : Judge Jennifer P. Wilson |
| Defendants. | |

## MEMORANDUM

Before the court is an amended complaint in this action filed by Enio Fico Zaragoza ("Plaintiff"). (Doc. 13.) Because Plaintiff has not identified individual defendants and established personal involvement on the part of defendants, the court will dismiss the amended complaint with leave to file a second amended complaint using the court's civil rights complaint form.

### BACKGROUND AND PROCEDURAL HISTORY

The court received and docketed the complaint in this matter on August 28, 2024. (Doc. 1.) In that complaint, Plaintiff identified the cause of action as filed under 42 U.S.C. § 1983 against three defendants: (1) Prime Care employee Jane Doe 1; (2) Prime Care employee John Doe; and (3) Central Booking Dauphin County. (*Id.*) Petitioner also filed a motion to proceed *in forma pauperis*. On December 6, 2024, the court received a copy of Petitioner's prison trust fund account statement. (Doc. 10.) On January 7, 2025, the court entered an order

1

granting the motion to proceed *in forma pauperis* and screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (Doc. 12.)  The court dismissed the complaint based on a lack of jurisdiction.  (*Id.*)  Specifically, the court found that Plaintiff's complaint only raised an intentional infliction of emotional distress claim under state tort law and failed to raise a constitutional challenge.  (*Id.*)  Based on this, the court concluded that it lacked jurisdiction under 42 U.S.C. § 1983.  (*Id.*)  The court granted Plaintiff leave to file an amended complaint and provided him two copies of the court's civil rights complaint form to assist in filing an amended complaint.  (*Id.*)

On January 22, 2025, Plaintiff filed an amended complaint.  (Doc. 13.)  This amended complaint appears to raise Eighth Amendment and Fourteenth Amendment claims in addition to an intentional infliction of emotional distress claim.  (*Id.*)  Plaintiff states that he "has determined that all the names of the defendant party are on the Police report and Holy Spirit Medical records.  Are amended to reflect the identity and the action of the Primecare Jane Doe and Dauphin County employee in Central Booking."  (*Id.*)  However, the court finds that Plaintiff did not identify the defendants in the complaint.  In the alleged facts, Plaintiff states that he had major surgery in the abdomen with 33 staples from gunshot wounds on September 3, 2022.  (*Id.*, p. 4.)[1]  He alleges that on September

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

7, 2022, he was placed in booking and left in a wheelchair. (*Id.*) He states that the "Prime Care nurse and the rest of the officers knew about my injuries and still left me in the bullpen cell without a bed mattress to laid or any medical supplies to get clean up or even pain medica." (*Id.*) He alleges he was in the bullpen for approximately 11 hours and "[t]he nurse had [to] ask the medical staff officer to make a cushion on smug in order for me to laid on the bullpen floor." (*Id.*) He further alleges that on September 8, 2022 he was moved to a mental medical unit where inmates had thrown various bodily fluids on the wall. (*Id.*, p. 5.) Plaintiff alleges that "at least officer Bubba on M-Block help me to go take a shower while I sit in the chair. . ." (*Id.*) Plaintiff further states "[t]he correctional officer and Primecare knew I was being deprived of my rights . . ." (*Id.*)

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United

4

States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

    Plaintiff names two individuals in the alleged facts in the amended complaint: (1) Prime Care Nurse; and (2) Officer Bubba.  However, neither of these individuals are identified as defendants in this action in the amended complaint and both of these individuals provided some assistance in the form of helping him build a bed on the floor of the bullpen and assisting him with showering.  (Doc. 13, pp. 4–5.)  Therefore, it is unclear if Plaintiff means that these two individuals were the defendants named in the police report and medical records.  For this reason, the court is unable to identify the intended defendants in this action.  Instead, it appears as if Plaintiff is casting a wide net in the complaint citing "the officers" and "medical" as the bad actors in the alleged facts.  Therefore, the court will dismiss the complaint for failing to allege the personal involvement of any individual in the alleged facts.  The court will grant Plaintiff an opportunity to further amend the complaint using the court's civil rights complaint form and specifically identify the intended defendants as he alleges he can do with the police report and medical records.  Additionally, Plaintiff is directed to

5

specifically identify each individual's conduct and how it allegedly violated his constitutional rights.

## CONCLUSION

For the above-stated reasons, the amended complaint will be dismissed without prejudice. Plaintiff will be granted leave to file a second amended complaint in this action that identifies the defendants and their alleged conduct in his statement of facts. The second amended complaint will be completed using the courts civil rights form that includes space for Plaintiff to provide the names and addresses of the individual defendants he can now name with the police report and medical records. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Judge  
Middle District of Pennsylvania

Dated: January 27, 2025