**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ENIO FICO ZARAGOZA, | : | Civil No. 1:24-CV-01464 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PRIME CARE EMPLOYEE JANE | : | |
| DOE'S, *et al.*, | : | |
| | : | Judge Jennifer P. Wilson |
| Defendants. | | |

## MEMORANDUM

Before the court are the second and third amended complaints in this action filed by Enio Fico Zaragoza ("Plaintiff"). (Docs. 20, 21.) Plaintiff is currently an inmate housed at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill") and is bringing claims under 42 U.S.C. § 1983. The court will screen the two complaints received in this action and dismiss claims against all defendants except those claims raised against Defendant Mildred Montalvo.

### BACKGROUND AND PROCEDURAL HISTORY

The court received and docketed the original complaint in this matter on August 28, 2024. (Doc. 1.) In that complaint, Plaintiff identified the cause of action as filed under 42 U.S.C. § 1983 against three defendants: (1) Prime Care employee Jane Doe 1; (2) Prime Care employee John Doe; and (3) Central Booking Dauphin County. (*Id.*) Petitioner also filed a motion to proceed *in forma pauperis*. On December 6, 2024, the court received a copy of Petitioner's prison

1

trust fund account statement.  (Doc. 10.)  On January 7, 2025, the court entered an order granting the motion to proceed *in forma pauperis* and screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  (Doc. 12.)  The court dismissed the complaint based on a lack of jurisdiction.  (*Id*.)  Specifically, the court found that Plaintiff's complaint only raised an intentional infliction of emotional distress claim under state tort law and failed to raise a constitutional challenge.  (*Id*.)  Based on this, the court concluded that it lacked jurisdiction under 42 U.S.C. § 1983.  (*Id*.)  The court granted Plaintiff leave to file an amended complaint and provided him two copies of the court's civil rights complaint form to assist in filing an amended complaint.  (*Id*.)

On January 22, 2025, Plaintiff filed an amended complaint.  (Doc. 13.)  This amended complaint appeared to raise Eighth Amendment and Fourteenth Amendment claims in addition to an intentional infliction of emotional distress claim.  (*Id*.)  Plaintiff states that he "has determined that all the names of the defendant party are on the Police report and Holy Spirit Medical records.  Are amended to reflect the identity and the action of the Primecare Jane Doe and Dauphin County employee in Central Booking."  (*Id*.)  However, the court found that Plaintiff did not identify the defendants in the complaint.  (Doc. 15.)  The court then dismissed the amended complaint and granted Plaintiff an opportunity to file a second amended complaint.  (*Id*.)

On April 1, 2025 and April 7, 2025 the court received and docketed separate amended complaints.  (Docs. 20, 21.)  The April 1, 2025 complaint ("the second amended complaint") names two defendants: (1) "Mildred Montalvo and (2) Amanda Montenegro.  (Doc. 20, p. 1.)  The second amended complaint alleges that on September 7, 2022, Plaintiff was at Dauphin County Central Booking where Defendants Montalvo and Montenegro, both nurses, received Plaintiff to a medical room in a wheelchair following a surgery while he waited to be processed into Dauphin County Prison.  (Doc. 20, p. 1.)  Plaintiff alleges that he told Defendants Montalvo and Montenegro that he had just had abdominal surgery after being shot in the stomach, he was weak, he was in major pain, and he required pain medication.  (*Id.*)  He told the nurse that he had been discharged from the hospital at 10:00 a.m. that morning.  (*Id.*)

Plaintiff alleges that after he went through the intake process, he informed them that the medical order prevented him from moving, bending, twisting, pulling, and pushing.  (*Id.*)  Plaintiff alleges that his wounds were bleeding and had a yellow discharge.  (*Id.*)  He alleges that he was told by an officer and nurse that they could not do anything for him until he arrived at the prison.  (*Id.*)  Plaintiff alleges that he continued to ask for medications and cleaning gauze.  (*Id.*)  He also alleges that he asked to lay down on a bed to take the pressure off his stomach area to accommodate the pain.  (*Id.*)  Plaintiff states that Defendants Montalvo and a

medical officer made a cushion and assisted Plaintiff to lay on the floor.  (*Id.*)

Plaintiff alleges that he was in central booking until 1:00 am the next morning.

(*Id.*, p. 2.)  He raises claims of negligence, due process violations, and medical

negligence.  (*Id.*)

The April 7, 2025 complaint ("the third amended complaint") names Prime

Care, Inc. and Nurse Mildred Montalvo as defendants.  (Doc. 21, p. 1.)  It sets forth

the same factual allegations surrounding how Plaintiff was held on September 7,

2022.  (*Id.*, pp. 1–3.)  He also asked that he be appointed counsel.  (*Id.*, p. 3.)  In

this complaint, Plaintiff raises claims under the Eighth Amendment, Fourteenth

Amendment, and medical negligence.  (*Id.*, p. 4.)

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma*

*pauperis* case "at any time if the court determines that . . . the action . . . fails to

state a claim on which relief may be granted[.]" The legal standard for dismissing a

complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to

the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.

*See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

The court will construe the second and third amended complaints in unison as if the third amended complaint were a supplement to the second amended complaint.

### A. All Claims Against Prime Care, Inc. Will Be Dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  It is also well established that a private corporation contracted by a prison to provide health care for inmates cannot be held liable on a *respondeat superior* theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs.  *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583–84 (3d Cir. 2003).

Accordingly, to state a viable § 1983 claim against PrimeCare, the complaint must set forth "facts to state a claim that [it] had a policy, custom, or practice, and that the policy, custom, or practice caused the constitutional violation at issue." *See Sims v. Wexford Health Sources*, 635 F. App'x 16, 20 (3d Cir. 2015) (quoting *Natale*, 318 F.3d at 583).  The policy, custom, or practice of PrimeCare was not addressed anywhere in the third amended complaint.  Therefore, the company lacks personal involvement and there are no allegations consistent with the requirements in *Natale*.  As such, all claims against PrimeCare will be dismissed without prejudice.

**B. All Claims Against Defendant Montenegro Will Be Dismissed.**

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *West*, 487 U.S. at 48.  It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007).

In the second amended complaint, Plaintiff refers to Defendant Montenegro as one of the nurses who received him at Dauphin County Central Booking, but he does not allege that Defendant Montenegro was one of the individuals who denied him medical care.  (Doc. 20.)  Instead, he refers to Defendant Montalvo and the general term of "nurse" when discussing any refusal of medical care  (*Id.*)  Therefore, claims against Defendant Montenegro will be dismissed without prejudice.

### C. Plaintiff's Request for the Appointment of Counsel Will Be Denied.

In the third amended complaint, Plaintiff requests counsel be appointed to his case: "I had read that the judge could assigned me an attorney can I please have an attorney." (Doc. 21.)

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see Houser v. Folino*, 927 F.3d 693, 697 (3d Cir. 2019). The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances after a finding that the plaintiff's case has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the court finds that the plaintiff has crossed this threshold inquiry, the court should consider the following factors in deciding whether to request a lawyer to represent an indigent plaintiff:

(1)    the plaintiff's ability to present his or her own case;
(2)    the complexity of the legal issues;
(3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
(4)    the plaintiff's ability to retain counsel on his or her own behalf;
(5)    the extent to which a case is likely to turn on credibility determinations, and;
(6)    whether the case will require the testimony of expert witnesses.

*Tabron*, 6 F.3d at 155-57.  This list of factors is non-exhaustive, and no single factor is determinative.  *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997)).  Instead, these factors serve as guideposts for the district courts to ensure that the precious commodity of volunteer attorney time is not "wasted on frivolous cases."  (*Id.*)

Here, nothing in Plaintiff's request for appointment of counsel speaks to the factors set forth in *Tabron*.  (Doc. 21.)  Furthermore, where the defendant in the action has not yet been served and had an opportunity to answer the complaint, the court finds that the appointment of counsel is premature in this action.  Therefore, Plaintiff's request for appointment of counsel will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or pursuant to a properly filed motion.

## CONCLUSION

For the above-stated reasons, the claims against Defendants PrimeCare and Montenegro will be dismissed without prejudice.  The court will serve the complaints on Defendant Montalvo.  An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 7, 2025